﻿Citation Nr: AXXXXXXXX
Decision Date: 12/17/18 Archive Date: 12/17/18

DOCKET NO. 180803-159
DATE: December 17, 2018
ORDER
Service connection for sinusitis is denied.
Service connection for an acquired psychiatric disorder is granted.
Service connection for insomnia is denied.
REMANDED
Entitlement to service connection for a sleep disorder.
FINDINGS OF FACT
1. The Veteran had active service from August 1992 to October 1995.
2. Sinusitis has not been shown.
3. An acquired psychiatric disorder has been attributed to military sexual assault (MST).
CONCLUSIONS OF LAW
1. Sinusitis was not incurred in active service. 38 U.S.C. §§ 1101, 1110, 1112, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303(a), 3.309, 3.310, 3.317 (2017).
2. An acquired psychiatric disorder was incurred in service. 38 U.S.C. §§ 1101, 1110, 1112, 1131, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303(a), 3.309 (2017). 
3. Insomnia was not incurred in service nor is it proximately due to or aggravated by a service-connected disability. 38 U.S.C. §§ 1101, 1110, 1112, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303(a), 3.309, 3.310, 3.317 (2017). 
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
As an initial matter, on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law, which will go into effect in February 2019, creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 
In April 2018, VA received notice that the Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). The Board is honoring her choice and, accordingly, this decision has been written consistent with the new AMA framework. 
The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the June 2018 RAMP rating decision considered the evidence as of the date VA received the RAMP election form. She timely appealed this RAMP rating decision to the Board and requested 90 days to submit additional evidence. 
As to the issue of a total disability rating based on individual unemployability (TDIU), however, the June 2018 RAMP rating decision did not address this issue and the Board does not have jurisdiction over it. The Veteran is advised to resubmit a claim for TDIU with the Agency of Original Jurisdiction (AOJ) so that it can be properly adjudicated under RAMP.
Turning to the issues on appeal, service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 
Service connection may be granted on a secondary basis for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury under 38 C.F.R. § 3.310. Allen v. Brown, 7 Vet. App. 439 (1995). In order to establish service connection on a secondary basis, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical evidence establishing a link between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).
Sinusitis
As an initial matter, sinusitis is not a chronic disorder under 38 C.F.R. § 3.309(a); therefore, presumptive service connection is not for application. Additionally, the Veteran has not argued that sinusitis was caused or aggravated by a service-connected disability. Accordingly, secondary service connection will not be considered. However, direct service connection will be addressed.
In the June 2018 RAMP rating decision, the AOJ found that the Veteran’s service treatment records (STRs) contained multiple complaints and treatment for acute left maxillary sinusitis, hay fever, allergies, and upper respiratory infections. Accordingly, the second element of service connection – in-service incurrence – has been established, and the question is whether there is a current chronic disorder which is related to the Veteran’s in-service complaints. 
For a disability to be service connected, it must be present at the time a claim for VA disability compensation is filed or during or contemporary to the pendency of the appeal. McClain v. Nicholson, 21 Vet. App. 319 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). The record does not show that the Veteran has a confirmed current diagnosis of sinusitis.
To that end, an August 2017 VA examination found that the Veteran had not been diagnosed with a sinus, nose, throat, larynx, or pharynx condition and noted that August 2017 diagnostic testing revealed no radiographic evidence of sinusitis. 
The Veteran’s STRs reveal an in-service diagnosis of sinusitis. However, as noted above, service connection may only be granted for a current disability. Brammer v. Derwinski, 3 Vet. App. 223 (1992). As there is no confirmed diagnosis of sinusitis at any time during the pendency of the appeal, the medical evidence does not warrant service connection for sinusitis.
Acquired Psychiatric Disorder
The Veteran filed an initial claim for posttraumatic stress disorder (PTSD), depression, and MST. The Board has considered all the psychiatric complaints together. As PTSD and depression are not chronic disorders under 38 C.F.R. § 3.309(a), presumptive service connection is not for application. Furthermore, she has not argued that her disorders were caused or aggravated by a service-connected disability. As such, secondary service connection will not be considered. However, direct service connection will be discussed. 
In the June 2018 RAMP decision, the AOJ acknowledged that the Veteran provided a firsthand account of the events resulting in her current psychiatric disorder, that buddy statements were submitted noting changes in her behavior, and that a private medical opinion diagnosed PTSD and opined that it was attributable to her reports of MST. Accordingly, the question is whether a current psychiatric diagnosis is related to an in-service stressor. 
As an initial matter, the Veteran has been diagnosed with PTSD and depression. Specifically, a November 2012 medical treatment note and multiple private medical opinions diagnosed PTSD and depression. Therefore, a current disorder has been shown and the first element of service connection has been met. 
Turning to the issue of in-service injury, in a February 2014 medical treatment note, the Veteran reported that while in service, her platoon leader called her multiple times at home to the point where she asked him to stop but he did not do so. She recalled becoming nervous and increasingly uncomfortable around him. She said that in November 1994, she and the platoon leader were riding in the same vehicle when he attempted to force himself on her sexually. She stated that she jumped out of the vehicle, felt violated, dirty, scared, trapped, and disgusted, and filed a complaint. 
The service treatment records neither confirm nor deny her assertions of MST. However, the Veteran never claimed that she sought medical treatment related to MST during service. By law, the absence of a record of an unreported sexual assault cannot be considered as evidence of the nonoccurrence of the assault. Arizona v. Shinseki, 731 F.3d 1303 (Fed. Cir. 2013). Therefore, the absence of any service record documenting the assault is not pertinent evidence that the assault did not occur. 
In a claim based on in-service personal assault, evidence of behavior changes following the claimed assault is one type of relevant evidence that may corroborate a veteran’s account of the stressor incident. 38 C.F.R. § 3.304(f)(5). Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to a request for a transfer to another military duty assignment, deterioration in work performance, substance abuse, episodes of depression, panic attacks, anxiety without identifiable cause, or unexplained economic or social behavior changes. 
A review of the record establishes evidence of behavior changes following the claimed MST. As an initial matter, a review of the STRs reveals multiple complaints of severe headaches between June 1993 and August 1995. In her February 2014 statement, the Veteran indicated that her headaches persisted following separation. Subsequent medical treatment notes affirmed a diagnosis of migraine headaches. 
Next, in a September 2014 VA examination, the Veteran reported that following the attempted sexual assault, she was transferred to a full support unit outside of the command of the offending officer. In a subsequent April 2018 lay statement, a fellow servicemember reinforced that the Veteran transferred to a unit away from the offending platoon leader and told him that the transfer was due to previously being sexually threatened, harassed, and abused. 
Finally, multiple lay statements describe unexplained changes in the Veteran’s social behavior. The lay statements describe her wanting her home to be quiet, fits of anger directed toward male strangers and family members, a desire to avoid men, a quick temper, nightmares, migraines, impatience, and picking and pulling out her hair. The statements detail multiple incidents in which she was in the presence of men, believed they were going to harm her, and stated that she would not be safe until the men left. 
In light of the service records, post-service medical treatment records, and lay statements, the evidence is at least in equipoise in establishing that the MST reported as a stressor by the Veteran did occur. Accordingly, resolving all reasonable doubt in her favor, the second element of service connection – in-service incurrence – is established. 
As to nexus, a November 2012 medical treatment note reflected that the Veteran described being sexually harassed, having intrusive thoughts, and avoiding men. The clinician opined that the Veteran met the full criteria for PTSD as a result of her MST. This evidence weighs in support of the claim.
Next, in an October 2015 private medical opinion, the clinician diagnosed PTSD and depression and opined that it was attributable to MST. Specifically, the clinician diagnosed a major depressive disorder, citing reports of depressed mood, loss of interest in activities, insomnia, fatigue, worthlessness, and difficulty concentrating, and opined that it “seem[ed] likely that major depressive disorder [was] related to MST and the effects of post-traumatic stress.” The clinician noted that the Veteran was treated for migraines and had significant shifts in behavior that manifested through the disintegration of her marriage, a lack of trust in men, and a change in sexual orientation in spite of spiritual beliefs. 
A September 2018 private opinion also diagnosed PTSD and opined that it was at least as likely as not incurred in or caused by the trauma stressor of in-service sexual harassment and assault. The October 2015 and September 2018 opinions also weigh in favor of the claim.
On the other hand, in a September 2014 VA examination, the examiner opined that the Veteran’s symptoms did not meet the diagnostic criteria for PTSD under DSM-V criteria and that she did not have a mental disorder that conformed with DSM-V criteria. The examiner noted that, despite the subjective complaints, there were no objective findings to support a diagnosis of mental disorder related to service. The examiner further opined that the results of standardized psychometric tests revealed that she was not a reliable source of information and that internal inconsistencies were noted in her self-reports. 
In a November 2014 VA examination, the examiner diagnosed an unspecified trauma and stressor-related disorder, but found that the Veteran did not meet the DSM-V criteria for PTSD. The examiner opined that the claimed PTSD was not caused by or a result of her service or history of MST, explaining that she did not meet the DSM-V criteria for a diagnosis of PTSD and that the onset and severity of her diagnosed unspecified trauma and stressor-related disorder were unclear. The examiner was unable to find markers asserting that such incidents occurred during service and that the Veteran’s trauma and stressor-related disorder was related to service without resorting to speculation. 
Based on the above, the evidence is at least in equipoise as to whether the Veteran has a psychiatric disorder that is related to service. As such, the appeal is granted. 
 
Insomnia
As an initial matter, insomnia is not a chronic disorder under 38 C.F.R. § 3.309(a); therefore, presumptive service connection is not for application. The Veteran has argued that insomnia is secondary to PTSD.
As noted above, in the June 2018 RAMP decision, the AOJ addressed the lay statements submitted by the Veteran, her family, and a fellow servicemember, as well as the October 2015 private medical opinion asserting a diagnosis of a mental condition related to in-service MST. 
Based on the above grant for a psychiatric disorder, the Board finds that insomnia is part and parcel of the now-service connected psychiatric disorder. Specifically, the STRs reveal no complaints or diagnosis of a sleep disorder. Further, insomnia has been noted to be associated with a diagnosis of a major depressive disorder that also included depressed mood, loss of interest in activities, fatigue, worthlessness, and difficulty concentrating. As a separate sleep disorder has not been shown, the appeal as to this issue is denied.
Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).
REASONS FOR REMAND
The issue of entitlement to service connection for sleep apnea is remanded to correct a duty to assist error that occurred prior to the June 2018 RAMP rating decision on appeal. In an October 2017 notice of disagreement, prior to her decision to elect the RAMP process, the Veteran argued that her sleep apnea was secondary to her service-connected asthma. The RO failed to obtain a VA examination prior to the June 2018 RAMP rating decision on appeal regarding whether the sleep disorder was related to service or caused or aggravated by her service-connected asthma. Accordingly, a VA examination is warranted to determine whether her sleep disorder is either related to service or caused or aggravated by her service-connected asthma.
The matter is REMANDED for the following actions:
1. Associate any outstanding VA treatment records with the claims file.
2. Schedule the Veteran for an examination to determine the nature and etiology of her sleep disorder. The claims file must be made available to, and reviewed by, the examiner. All indicated studies should be performed.
Based on the examination results and review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that a sleep disorder is etiologically related to active service. 
The examiner should also provide an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that a sleep disorder is caused or aggravated by a service-connected disability, to specifically include asthma.
The rationale for all opinions must be provided.
 
3. Thereafter, readjudicate the claim on appeal. If the benefit is not granted to the Veteran’s satisfaction, return the case to the Board.

 
L. HOWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Spigelman, Associate Counsel